**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEFFREY S. CASHAW**,<br><br>                    Plaintiff,<br><br>          v.<br><br>**NEW JERSEY DIVISION OF CHILD PLACEMENT AND PERMANENCY**, *et al.*,<br><br>                    Defendants. | Civil Action No. 24-10864 (ZNQ) (JTQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed i*n forma pauperis* ("IFP") (ECF No. 1-2) by *pro se* Plaintiff Jeffrey S. Cashaw ("Plaintiff" or "Cashaw"). As a result, pursuant to 28 U.S.C. § 1915(e)(2), the Court will conduct a *sua sponte* screening of the Complaint and proposed Amended Complaint, (Compl., ECF No. 1; Am. Compl., ECF No. 4). Also before the Court is Plaintiff's Motion to Appoint *pro bono* counsel. (ECF No. 5.) The Court has carefully considered Plaintiff's submissions. For the reasons set forth below, Plaintiff's IFP application will be **GRANTED**; Plaintiff's Motion to Appoint *pro bono* counsel will be **DENIED**; the claims in the Amended Complaint against the Honorable Stacey D. Adams ("Judge Adams") and the New Jersey Division of Child Placement and Permanency ("NJDCPP") will be **DISMISSED WITH PREJUDICE**, and all other claims in the Amended Complaint against Tarra Tournour from the Monmouth County Batterers Intervention Program, and the Monmouth County Legal Aid Society

1

will be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff will be given thirty (30) days within which to file a Second Amended Complaint limited to the claims dismissed without prejudice.

I.         **BACKGROUND AND PROCEDURAL HISTORY**

The following facts are derived from the proposed Amended Complaint and accepted as true only for the purposes of screening the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff filed his initial Complaint along with an application to proceed *in forma pauperis* on December 3, 2024.  (ECF No. 1.)  Thereafter, on February 13, 2025, Plaintiff filed a proposed Amended Complaint with a copy of his IFP application.  (ECF No. 4.)  That same day, Plaintiff filed a separate Motion to Appoint *pro bono* counsel.  (ECF No. 5.)

Plaintiff filed his initial Complaint and Amended Complaint using a form that asked him to provide information as to the nature of his claims.  Both the Complaint and Amended Complaint are not models of clarity.  According to the Amended Complaint, Plaintiff brings this action pursuant to 18 U.S.C. § 242 and 42 U.S.C. § 1983 against the NJDCPP, Judge Adams, a current United States Magistrate Judge in this District and former New Jersey Superior Court Family Judge, Tarra Tournour from the Monmouth County Batterers Intervention Program, and the Monmouth County Legal Aid Society.  (Am. Compl. at 1–2.)  Plaintiff alleges multiple deprivations of his civil rights as a result of retaliation, bias, religion, and tampering.  (*Id.* at 2.)  Plaintiff seeks injunctive relief and $500,000 in damages.  (*Id.*)

As alleged, the events giving rise to the claims in the Amended Complaint occurred during court proceedings at the Monmouth County Courthouse in Wall Township, New Jersey.  (*Id.* at 3.)  Prior to the court proceedings, in 2018, Plaintiff took pictures of his child who had injuries that arose from being a victim of domestic violence.  (*Id.*)  It is unclear from the Amended Complaint

who caused the injuries. In May 2019, Plaintiff's "Ex found [the] pic[tures]."[1] (*Id.*) In September 2019, as alleged, Plaintiff's ex "perjured" and "conspired with others to create police involvement, when no such involvement was necessary. (*Id.*) In November 2019, Plaintiff was named a defendant in an action with the NJDCPP; in December 2019, Plaintiff alleges that he received an unfair court hearing where Judge Adams, presiding over the hearing, issued a final restraining order against him; in June 2021, Plaintiff alleges that Judge Adams tampered with court orders and used intimidation to keep Plaintiff from defending himself. (*Id.*) According to Plaintiff, Judge Adams ignored Plaintiff's motions and refused to entertain new evidence presented by Plaintiff. (*Id.*) Plaintiff further states that he is an "African American male, falsely accused by a white woman [and] . . . tried by [three] white women who issued [a final restraining order] on the most scant of applications." (*Id.*) Lastly, Plaintiff alleges that Judge Adams "a white woman used intimidation" by misleading and threatening him. (*Id.*)

As a result of the alleged deprivation of rights and intimidation, Plaintiff purports that he has suffered psychological abuse, an "illegal restraining order," financial debt, severe hardship, "illegal child separation," "illegal child support orders," and a "biased judge [who supports] parent alienation." (*Id.* at 4.) Plaintiff seeks (1) complete compensation, (2) the Court to reunify him with his children, (3) the Court to criminally charge Judge Adams with "conspiracy" and to find that Judge Adams deprived him of his right to defend himself, and (3) a Court finding that the NJDCPP, the Batterers Intervention Program, and the Monmouth County Legal Aid Society committed violations under federal law. (*Id.*)

---

[1] It is unclear from the pleadings whether Plaintiff's "ex" is an ex-boyfriend, ex-girlfriend, or ex-spouse.

3

## II.     LEGAL STANDARD

### A.     *In Forma Pauperis*

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, that the plaintiff is unable to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such [an] application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dept of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6).[2] *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

### B.     **Failure to State a Claim**

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to

---

[2] Hereinafter, all references to "Rules" or "Rule" refers to the Federal Rules of Civil Procedure unless otherwise noted.

4

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The general rules of pleading are set forth in Rule 8, which requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

Based on the information provided in Plaintiff's submissions, the Court finds that it is appropriate to permit him to proceed *in forma pauperis*. His IFP Application will therefore be **GRANTED**. Having granted Plaintiff's IFP Application, the Court will *sua sponte* screen the Amended Complaint.

B.      Review of the Amended Complaint

The Amended Complaint fails for several reasons. First, even viewed in the light most favorable to Plaintiff, the Amended Complaint provides absolutely no factual detail as to when or how Defendants discriminated against him or caused him psychological and emotional distress. Such a spartan pleading prevents the Court, as well as Defendants, from determining whether what is alleged is more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health,* 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" (citation omitted)). Without more, the Court cannot conclude that the Amended Complaint as presently formulated rises above mere frivolity or maliciousness, or adequately states a claim upon which relief can be granted. The Court therefore finds that the Amended Complaint is deficient under Rule 8 and does not presently state a claim under Rule 12(b)(6).

In addition, some of the allegations in the Amended Complaint read as a challenge to Judge Adams' rulings in state court, which is likely barred by the *Rooker-Feldman* doctrine. Although the *Rooker-Feldman* doctrine has been narrowed, *Malhan v. Secretary United States Department of State*, 938 F.3d 453, 460 (3d Cir. 2019), Plaintiff alleges injuries arising from a *final* restraining order and a *final* custody determination issued by Judge Adams in state court. Specifically, Plaintiff alleges that he has "the right to know what [his] children are doing," and that the state court illegally entered a restraining order, a child separation order, and other child support orders. (Am. Compl. at 4.) These conclusory allegations are challenges to final judgments in state court and are likely barred by the *Rooker-Feldman* doctrine because Plaintiff appears to have lost in state court and is attempting to bring a case in federal court complaining of injuries caused by the

state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Therefore, the Court does not appear to have jurisdiction over those claims.

Plaintiff also alleges other claims related to discrimination, intimidation, and bias against Judge Adams and the NJDCPP. In addition to failing to state a claim, those claims fail for two independent reasons premised on immunity: (1) Judge Adams is entitled to judicial immunity, and (2) the NJDCPP has sovereign immunity.

Judicial immunity "is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000); *Stump v. Sparkman*, 435 U.S. 349, 365–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . ); *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (explaining that judicial immunity is not forfeited solely by allegation of malice or corruption of motive) (citing *Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000)).

This immunity, however, is not absolute. Instead, it is "justified and defined by the functions it protects and serves." *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity does not extend to actions not within the judge's official capacity, nor does it extend to actions taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). To determine whether an act is "judicial," courts look to whether the act performed by the judge "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Gallas*, 211 F.3d at 768–69 (quoting *Stump*, 435 U.S. at 362).

Here, the Amended Complaint does not assert, nor can it, that Judge Adams acted outside her official capacity as a family court judge or that she acted in the absence of all jurisdiction.

Although Plaintiff alleges racial bias, improper motives or alleged racial bias does not defeat judicial immunity. *See Camilo v. Leopizzi*, Civ. No. 20-14937, 2021 WL 616014, at *4 (D.N.J. Feb. 16, 2021). Nonetheless, the Court understands the Amended Complaint to allege statements of disagreement with Judge Adams' rulings. Accordingly, the Court finds that Judge Adams is entitled to immunity from suit based on the Amended Complaint's claims. *Stump*, 435 U.S. at 365–57.[3]

With respect to the NJDCPP's sovereign immunity, the NJDCPP is an arm of the state and Plaintiff therefore cannot receive money damages from them based on suit in federal court. *See Fam. Civ. Lib. Union v. Dep't of Child. & Fams., Div. of Child Prot. & Permanency*, 837 F. App'x 864, 867 (3d Cir. 2020) (holding that the NJDCPP is protected by sovereign immunity). "[T]he Eleventh Amendment . . . render[s] states—and, by extension, state agencies . . .—generally immune from suit by private parties in federal court." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). When "a state agency . . . is named as [a] defendant, that too is considered a suit against the state," *Everett v. Schramm*, 772 F.2d 1114, 1118 (3d Cir. 1985), especially if the "relief sought . . . is in fact against the sovereign." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).

Here, the NJDCPP is a state agency and Plaintiff seeks $500,000 in damages from them and the other defendants. Because the allegations in the operative complaint concern the NJDCPP's official acts, including depriving Plaintiff the custody of his children, the state is the real party in interest. Sovereign immunity therefore extends to the NJDCPP.

For these reasons, the Court will *sua sponte* dismiss the Amended Complaint. The claims against Judge Adams and the NJDCPP will be dismissed with prejudice. The remaining claims

---

[3] Irrespective of judicial immunity, the Court finds that Plaintiff's claims against Judge Adams are completely nonsensical, conclusory, and lack a factual and legal basis. The claims against her will be dismissed with prejudice.

will be dismissed without prejudice. Given that Plaintiff is proceeding *pro se*, and because a more comprehensive statement may reveal legitimate grounds for relief, Plaintiff will have thirty (30) days to file a Second Amended Complaint.

### C. Motion for *Pro Bono* Counsel

In the Third Circuit, upon a motion for *pro bono* counsel, a court considers the framework established in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). Under the *Tabron* framework, a court must first assess "whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchack*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 155). Here, the Court has concluded, on its first review, that the Amended Complaint has no arguable merit in fact and law. Therefore, the Court need not consider the additional *Tabron* factors. Even if it were to do so, the Court finds that an analysis of the remaining factors would favor denying Plaintiff's Motion for *pro bono* counsel in light of the fact that his claims are not complex, the case likely does not require expert witnesses, and the claims do not require extensive factual investigation or discovery. Accordingly, Plaintiff's Motion to Appoint *pro bono* counsel (ECF No. 5) will be **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Court will (1) **GRANT** Plaintiff's IFP Application, (2) **DENY** Plaintiff's Motion to Appoint *pro bono* counsel, and (3) **DISMISS** the claims in the Amended Complaint against Judge Adams and the NJDCPP with prejudice, and dismiss all other claims against Tarra Tournour from the Monmouth County Batterers Intervention Program, and the Monmouth County Legal Aid Society without prejudice. Plaintiff will be given leave to file a Second Amended Complaint within 30 days to address the deficiencies identified in this Opinion as to the claims dismissed without prejudice. If Plaintiff does not file a Second Amended

Complaint by that deadline, this matter will be dismissed with prejudice. An appropriate Order will follow.

Date: March 17, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
